IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:02CV57-V

| | |
|---|---|
| IN RE:  )<br>)<br>JOHN ROBERT MULLINS,  )<br>      Debtor.  )<br>_____)<br>)<br>BARRETT L. CRAWFORD, Trustee, )<br>      Plaintiff,  )<br>)<br>vs.  )<br>)<br>JOHN ROBERT MULLINS, II, and )<br>KIMBERLY MULLINS,¹ *et al.*,  )<br>      Defendants.  )<br>_____) | *Bankruptcy Case No.: 98050517*<br>*Chapter 7*<br><br><br><br>*Bankruptcy Adversary Proceeding*<br>*Case No.: 00-5013* |

**THIS MATTER** is before the Court on motions filed on behalf of Defendants Gerald A. Dechow, Susan Mullins Maynard, David Maynard, Stella Mullins Cranwell, William C. Cranwell, and Steven F. Vicroy. (Documents # 35, #37, #39 and #41) Also before the Court are multiple filings submitted on behalf of the Trustee opposing each of the Defendants' motions as untimely.² In the alternative, the Trustee asks for additional time

---

¹ On September 27, 2004, this Court directed the Bankruptcy Court to strike the answers of Adversary Proceeding Defendants John Robert Mullins, II, and Kimberly Mullins and enter default judgment as to both. The remaining Defendants in Adversary Proceeding No.: 00-5013, those that will be proceeding to trial before this Court (with the exception of certain Defendants who have since been dismissed by the Trustee as a result of a partial settlement), are identified within Exhibit B of the April 8, 2004 Recommended Order. (*See* Stipulation Of Dismissal filed June 2, 2005 / Document #33)

² Some of the Trustee's filings are entitled "Motion To Strike . . . " Because these motions are essentially responses to Defendants' motions, they have been treated by the Court as such. However, the Trustee will have an opportunity to address the merits of Defendants' motions, including Defendants' claim that the Court lacks subject matter jurisdiction over certain causes of action given the Trustee's lack of standing.

1

to respond to the substantive legal issues raised within Defendants' motions.

In this adversary proceeding, the Trustee's standing to pursue a civil conspiracy to defraud claim under 11 U.S.C. § 544 of the U.S. Bankruptcy Code has not been squarely addressed by the Bankruptcy Judge.[3]  In addition, Defendants cite recent opinions from this Bankruptcy Court that are instructive on this issue.  In Re Rahab Trust & Mgt. Co., 2002 Bankr. LEXIS 1876 (Bankr. W.D.N.C. March 4, 2002); In Re Bill Burk, Docket No.: 02-31881, Adversary Proceeding No.: 04-3103 (W.D.N.C. March 1, 2005). Similarly, the question of single satisfaction by the bankruptcy estate under 11 U.S.C. § 550 did not become a justiciable issue until the Trustee sold certain assets. Therefore, the Court declines to summarily dismiss Defendants' motions as untimely.

The Trustee will be required to respond to the substantive legal issues advanced within Defendants' memoranda.  More specifically, the Trustee should articulate the statutory authority it relies upon for standing with respect to each cause of action, including a response to Defendants' claim that the Trustee cannot assert a civil conspiracy claim against Defendants on behalf of *all* of the Debtor's creditors, or the creditors' generally, and whether or not he contends that standing exists due to an assignment of interest(s) by one or more of the Debtor's creditors.  The Trustee is also directed to clarify and reconcile the nature of the claims asserted against Defendants Susan Maynard, David Maynard, Stella Cranwell, William Cranwell, (state law civil conspiracy to defraud creditors) and the claims asserted against Defendant Dechow (Virginia state fraudulent conveyance law).  In other

---

[3] The Bankruptcy Court's April 24, 2001 Order denying Defendant Dechow's motion to dismiss did not reach the issue and ultimately found the question of the Trustee's standing to pursue a conspiracy to defraud creditors claim under 11 U.S.C.§ 544 moot.  (*See* Misc. Docket No.: 5:01MC1 / Document #4)

2

words, the Court is interested in why the legal theories being pursued are different given the similarity of the underlying factual claims.

Finally, the Trustee should confirm the extent to which developments in the recovery of assets by the bankruptcy estate, or other developments in the case since October 10, 2003 (when the Bankruptcy Court considered dispositive motions), if any, render any aspects of this adversary proceeding moot.[4]

**IT IS, THEREFORE, ORDERED THAT:**

1) Plaintiff Trustee shall have an opportunity to **RESPOND** to the legal arguments raised within Defendants' pending motions **on or before Monday, November 14, 2005**;

2) Should Defendants wish to **REPLY** to the Trustee's filing, Defendants will have until **Thursday November 17, 2005** (or if filed earlier, 3 days after receipt of Plaintiff's response) to do so;[5]

3) Plaintiff Trustee's Motions To Strike as untimely are hereby **DENIED**;

4) Plaintiff Trustee's Alternative Motions For Additional Time To Respond are **GRANTED**; and

5) The Deputy Clerk shall forward a copy of the instant Order to all parties or the parties' respective counsel.

---

[4] In providing this direction, it is not the Court's intent to limit the Trustee's response to Defendants' motions in any way.

[5] The Court will resolve these issues prior to commencement of trial. However, given the briefing schedule set forth above, the Thanksgiving holiday, and overall demands of the undersigned's caseload, the Court may not be in a position to issue a ruling until immediately prior to trial. For these reasons, until the Court issues its ruling, whether in writing or from the bench on December 8, 2005, the parties shall prepare as if all claims are proceeding to trial.

**Signed: November 4, 2005**

Richard L. Voorhees
United States District Judge